RECEIVED
USDC, WESTERN DISTRICT OF LA.
TONY R. MOORE, CLERK
DATE 7/12/10
BY DD

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| SUFERNIA MONTGOMERY | CIVIL ACTION NO. 09-0584 |
| VERSUS | JUDGE ROBERT G. JAMES |
| SEARS ROEBUCK & CO., ET AL. | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM RULING

Pending before the Court is a Motion in Limine [Doc. No. 30] filed by Defendant Sears Roebuck & Co. ("Sears") and Anthony Gewin ("Gewin")[1] against Plaintiff Sufernia Montgomery ("Montgomery"). For the following reasons, the Motion in Limine is GRANTED IN PART and DENIED IN PART.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

Montgomery, a black female, was employed with Sears in Monroe, Louisiana, from July 22, 1975, to December 1, 2009, when she retired. From September 1, 2006, through August 1, 2008, Gewin, a white male, was the Store Coach (i.e., Store Manager) at the Sears in Monroe.

On February 19, 2008, Montgomery and five other Sears employees met with Karen Wheat ("Wheat"), Sears' District Coach for Monroe, to discuss various concerns they had regarding Gewin.

On April 30, 2008, Montgomery filed a charge of discrimination against Sears with the Equal Employment Opportunity Commission ("EEOC"), alleging race discrimination,

---

[1] The Court previously granted Gewin's Motion for Summary Judgment and dismissed him from this case after Defendants filed this motion. [Doc. Nos. 49, 50]. For this reason, the Court addresses its Ruling to the one remaining Defendant, Sears.

harassment, and retaliation.

On January 9, 2009, the EEOC sent Montgomery a right-to-sue letter. On April 7, 2009, Montgomery filed a Complaint [Doc. No. 1] against Gewin, Mark Blann ("Blann"),[2] and Sears alleging that, during the time Gewin was her supervisor, he and Blann, the Store Operations Coach, discriminated against her and created a racially hostile work environment, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII").

On April 9, 2010, Sears filed a Motion for Summary Judgment. [Doc. No. 21].

On May 20, 2010, Sears filed a Motion in Limine seeking to exclude portions of the recording of the February 19, 2008 meeting and the entire transcript of the recording. [Doc. No. 30]. On May 29, 2010, Montgomery filed a Memorandum in Opposition to Sears' Motion in Limine. [Doc. No. 33].

On June 17, 2010, the Court issued a Ruling and Judgment [Doc. Nos. 49 and 50] granting Sears' Motion for Summary Judgment and dismissing Montgomery's employment discrimination and hostile work environment claims. However, the Court also granted Montgomery leave to amend her Complaint to state a retaliation claim against Sears. Montgomery filed an Amended Complaint asserting this claim on June 24, 2010. [Doc. No. 52].

## II. LAW AND ANALYSIS

### A. The Meeting Recording

At the February 19, 2008 meeting with Wheat, Montgomery and the five other Sears employees, each spoke about his or her concerns regarding Gewin. Sears argues that the portions

---

[2] Blann was later dismissed from this suit because Montgomery failed to effect service on him. [Doc. No. 15].

2

of the recording that do not relate to Montgomery should be excluded from evidence at trial because they are not relevant, constitute inadmissible hearsay, and will prejudice Sears, confuse the jury, and delay the trial.

To establish a *prima facie* case for retaliation under Title VII, a plaintiff must establish that: "(1) [s]he participated in an activity protected by Title VII; (2) [her] employer took an adverse employment action against [her]; and (3) a causal connection exists between the protected activity and the adverse employment action." *McCoy v. City of Shreveport*, 492 F.3d 551, 556-57 (5th Cir. 2007). "[A]n employee has engaged in a protected activity if he or she has (1) 'opposed any practice made an unlawful employment practice by this subchapter,' or (2) 'made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.'" *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 427-28 (2000) (citing 42 U.S.C. § 2000e-3(a)).

The portions of the recording in which the other five Sears employees complain will be excluded from trial. Although the allegations of the other employees may be relevant to whether the meeting was a protected activity,[3] that is a determination of law to be made by the Court prior to trial. These portions of the recording are not relevant to whether there was a causal connection between Montgomery's participation in the meeting and the adverse employment actions she alleges were taken against her. Further, allowing the jury to hear the other employees'

---

[3] Here, most of the alleged retaliatory activity took place before Montgomery filed her EEOC claim. Therefore, her complaints are considered under the "opposition" clause of 42 U.S.C. § 2000e-3(a). To show that she opposed an unlawful practice, Montgomery does not have to show that the practice actually was unlawful, only that she had a "reasonable belief that the employer was engaged in unlawful employment practices." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 349 (5th Cir. 2007).

3

complaints would prejudice Sears and result in "mini-trials" on whether each complaint was valid. *See Wyvill v. United Companies Life Ins. Co.*, 212 F.3d 296, 303 (5th Cir. 2000). Therefore, the Court GRANTS Sears' Motion in Limine to exclude the portions of the recording that do not relate to Montgomery.

### B. The Transcript of the Meeting Recording

Sears argues that the Court should exclude the entire transcript of the recording, including the portions that relate to Montgomery, because the transcript cannot be authenticated.

Federal Rule of Evidence 901 requires that evidence must be authenticated in order to be admitted. Transcripts of recordings may be admitted for the limited purpose of aiding the jury in understanding the tapes. *United States v. Rochan*, 563 F.2d 1246, 1251 (5th Cir. 1997). "When a participant in a taped conversation testifies that the transcript of the conversation is accurate, the foundation for admission has been established." *United States v. Hernandez*, 260 F.3d 621 (5th Cir. 2001). "[I]t is unnecessary for the trial court to decide whether a transcript is accurate before [it] is given to the jury, so long as each side . . . is given an opportunity to submit . . . its version of a conversation." *Onori*, 535 F.2d at 947-48. "[A] transcript is merely another type of evidence," the evaluation of which is left to the jury. *Id.*

When asked about transcript of the February 19, 2008 meeting recording in her deposition, Montgomery stated the following:

```
Q    . . . Have you reviewed the transcript?
A    No, I just listened to the - the –
Q    Okay, Have you reviewed to see if the transcript is an accurate
     transcription of what is on that recording, have you reviewed it word-for-
     word?
A    No, and I don't think that it is.
Q    Why don't you think that it is?
```

4

> A     Because some of the names are different and just glancing at it, I don't know.
> Q     You think it contains some mistakes?
> A     Yes, and she admitted it herself, that she had a very hard time trying to do the tape.

Sears argues that because Montgomery stated in her deposition that she believed the transcript was not accurate, it cannot be authenticated. In response, Montgomery argues that the transcript can be authenticated by any of the other participants in the meeting, or the court reporter who transcribed the recording. Further, Montgomery points out that she stated in her deposition that she had not reviewed the transcript in its entirety, so she did not definitively admit that it contained mistakes.

Montgomery is correct that other meeting participants can authenticate the meeting transcript. Further, even if Montgomery alone authenticates the transcript, it will be admissible at trial. The fact that she stated that "at first glance" the transcript appeared to contain mistakes may be relevant to impeach her authentication, but will not prevent it from occurring.[4]

Therefore, the Court GRANTS IN PART and DENIES IN PART Sears' Motion in Limine to exclude the transcript of the recording. The Court will not exclude the entire transcript, but will order that it be redacted to eliminate any portions not related to Montgomery.

## III. CONCLUSION

For the foregoing reasons, Sears' Motion in Limine [Doc. No. 30] is GRANTED IN

---

[4] If Sears disputes the accuracy of the transcript, it should follow the procedure for such situations laid out by the Fifth Circuit in *United States v. Onori*, 535 F.2d 938, 948-49 (5th Cir. 1976). First, the parties should seek to arrive at a "stipulated transcript," a version to which both sides agree, prior to trial. *Rochan*, 563 F.2d at 1251 (citing *Onori*, 535 F.2d at 948). If no agreement can be reached, each party may introduce its own version of the transcript or disputed portions of it and is entitled to put on "additional evidence supporting the accuracy of its version." *Id.*

PART AND DENIED IN PART. Sears' Motion in Limine to exclude the portions of the recording of the February 19, 2008 meeting and the transcript of that recording which do not relate to Montgomery is GRANTED. Sears' Motion to exclude the entire transcript is DENIED.

MONROE, LOUISIANA, this 12 day of July, 2010.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE