RECEIVED
USDC, WESTERN DISTRICT OF LA.
TONY R. MOORE, CLERK
DATE 7/12/10
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| SUFERNIA MONTGOMERY | CIVIL ACTION NO. 09-0584 |
| VERSUS | JUDGE ROBERT G. JAMES |
| SEARS ROEBUCK & CO., ET AL. | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM RULING

Pending before the Court is a Motion in Limine [Doc. No. 31] filed by Plaintiff Sufernia Montgomery ("Montgomery") against Defendant Sears Roebuck & Co. ("Sears") and Anthony Gewin ("Gewin").[1] For the following reasons, the Motion in Limine is DENIED.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Montgomery, a black female, was employed by Sears in Monroe, Louisiana, from July 22, 1975, to December 1, 2009, when she retired. From September 1, 2006, through August 1, 2008, Gewin, a white male, was the Store Coach (i.e., Store Manager) at the Sears in Monroe. From August, 2007, until shortly after Gewin left the store, Mark Blann ("Blann"), who is white, was Operations Coach at Sears in Monroe. Blann was Montgomery's direct supervisor, and Gewin was Blann's direct supervisor.

On February 19, 2008, Montgomery and five other Sears employees met with Karen Wheat ("Wheat"), Sears' District Coach for Monroe, to discuss various concerns they had regarding Gewin.

---

[1] The Court previously granted Gewin's Motion for Summary Judgment and dismissed him from this case after Defendants filed this motion. [Doc. Nos. 49, 50]. For this reason, the Court addresses its Ruling to the one remaining Defendant, Sears.

On April 21, 2008, Blann placed Montgomery on a written Performance Plan for Improvement (PPI). The PPI gives performance-related reasons for its implementation, but Montgomery disputes all of them.

On April 30, 2008, Montgomery filed a charge of discrimination against Sears with the Equal Employment Opportunity Commission ("EEOC"), alleging race discrimination, harassment, and retaliation.

On June 4, 2008, Blann issued Montgomery a PPI Written Follow-Up stating that she had not corrected the problems noted in the original PPI. Montgomery disputes the accuracy of the contents of this document.

On July 31, Montgomery was issued an unsigned PPI Final Written Follow-Up, which listed further performance failures and noted that there was still no improvement on the problems addressed in the original PPI. Montgomery disputes the accuracy of the contents of this document, as well.

On January 9, 2009, the EEOC sent Montgomery a right-to-sue letter. On April 7, 2009, Montgomery filed a Complaint [Doc. No. 1] against Gewin, Blann,[2] and Sears alleging that, during the time Gewin was her supervisor, he and Blann engaged in discriminatory employment practices against her and created a hostile work environment, in violation of Title VII of the Civil Rights Act of 1964. 42 U.S.C. §§ 2000e, *et seq.* ("Title VII").

On April 9, 2010, Sears filed a Motion for Summary Judgment. [Doc. No. 21].

On May 21, 2010, Montgomery filed a Motion in Limine seeking to exclude Gewin's and

---

[2] Blann was later dismissed from this suit because Montgomery failed to effect service on him. [Doc. No. 15].

Blann's 2006 and 2007 mid-year and year-end performance reviews; e-mail correspondence between Gewin, Blann, Wheat, and other Sears employees regarding their problems with Montgomery; and a photograph of a Sears stockroom. [Doc. No. 31]. On May 29, 2010, Sears filed a Memorandum in Opposition to Montgomery's Motion in Limine. [Doc. No. 40].

On June 17, 2010, the Court issued a Ruling and Judgment [Doc. Nos. 49 and 50] granting Sears' Motion for Summary Judgment and dismissing Montgomery's employment discrimination and hostile work environment claims. However, the Court also granted Montgomery leave to amend her Complaint to state a retaliation claim against Sears. Montgomery filed an Amended Complaint asserting this claim on June 24, 2010. [Doc. No. 52].

## II.  LAW AND ANALYSIS

### A.  Gewin's and Blann's Performance Reviews

Sears seeks to introduce Gewin's and Blann's performance reviews for 2006 and 2007. Wheat performed Gewin's reviews, and Gewin performed Blann's reviews.

Montgomery argues that Gewin's and Blann's performance reviews are irrelevant, and that any probative value they offer is outweighed by the fact that the reviews likely are biased because Gewin and Blann were friends, and Wheat typically sided with Gewin on the issues complained of by Montgomery.

To establish a *prima facie* case for retaliation under Title VII, a plaintiff must establish that: "(1) [s]he participated in an activity protected by Title VII; (2) [her] employer took an adverse employment action against [her]; and (3) a causal connection exists between the protected activity and the adverse employment action." *McCoy v. City of Shreveport*, 492 F.3d 551, 556-57 (5th Cir. 2007). Once the plaintiff establishes a *prima facie* case, the burden shifts

to the employer to provide a legitimate nondiscriminatory explanation for the adverse employment actions. *Brooks v. Lubbock County Hosp. Dist.*, No. 09-11222, 2010 WL 1439109, at *2 (5th Cir. Apr. 12, 2010). If the employer provides an explanation, "the inference of discrimination falls away and the burden shifts back to the employee to demonstrate the explanation is a mere pretext for . . . retaliation." *Id.*

Montgomery alleges Gewin and Blann issued PPIs to her in retaliation for her complaints about Gewin at the February 19, 2008 meeting. The PPIs set forth job performance-related reasons for their issuance. However, Montgomery alleges that Gewin and Blann deliberately misrepresented her job performance in the PPIs, and that some of the performance issues noted in them were the result of their incompetence, not her own. Essentially, she alleges that the performance problems Gewin and Blann cited in the PPIs are pretextual.

Gewin's and Blann's performance reviews show an ongoing emphasis on holding the employees they supervised accountable, which is relevant to support Gewin's and Blann's non-dicriminatory explanation for issuing Montgomery the PPIs. Further, Gewin's and Blann's performance reviews are relevant to their competence, which Montgomery has put in issue.

The risk that the performance reviews are skewed because of the biases of the reviewers does not outweigh their probative value. Montgomery's ability to present evidence impeaching the credibility of the reviews at trial is sufficient to combat any undue weight the jurors might be inclined to give them. Therefore, the Court DENIES Montgomery's Motion in Limine to exclude Gewin's and Blann's 2006 and 2007 performance reviews.

**B.     E-Mail Correspondence**

Sears seeks to introduce seven e-mails or brief e-mail chains of statements by or

4

correspondence between Gewin, Wheat, Blann, and other Sears employees. The content of the e-mails pertains to various incidents or issues the writers state they witnessed or experienced with Montgomery. Montgomery argues that these e-mails should be excluded because they are "vague" and "non-identifiable," and, therefore, it is impossible for her to determine their relevance, placing her in an unfair position. [Doc. No. 31-1, p. 3].

The Court has reviewed the e-mails and finds that their relevance is easily determined. Each e-mail has a clearly visible sender and recipient, each e-mail was sent after the February 19, 2008 meeting, and the content of each e-mail involves some incident or problem with Montgomery that the relevant senders stated they witnessed, experienced, or were attempting to correct. These statements and correspondences are relevant to support Gewin's and Blann's non-discriminatory reasons for issuing Montgomery the PPIs. Therefore, the Court DENIES Montgomery's Motion in Limine to exclude the e-mails.[3]

### C. Stockroom Photographs

Sears seeks to introduce photographs of the Sears stockroom and receiving department that it alleges were taken between February 22, 2008, and May 17, 2008. Montgomery argues that these photographs should be excluded because they cannot be authenticated, and they are irrelevant if they were taken after she left Sears.

Evidence may be authenticated by the testimony of a witness with knowledge. FED. R. EVID. 901(b)(1). Sears represents that Gewin and Blann, whom Sears alleges took the photographs, will be able to authenticate them, including the date they were taken, at trial. [Doc.

---

[3] Montgomery does not contend that the e-mails are inadmissible hearsay. If this issue is raised at trial, the Court will address it at that time.

No. 40, p. 8]. Gewin and Blann, as employees at Sears, Montgomery's supervisors, and takers of the photographs, would have knowledge sufficient to authenticate them. Montgomery may attempt to impeach their authentication and address any discrepancies in the photographs at trial. Therefore, the Court DENIES Montgomery's Motion in Limine to exclude the photographs.

### III. CONCLUSION

For the foregoing reasons, Montgomery's Motion in Limine [Doc. No. 31] is DENIED.

MONROE, LOUISIANA, this 12 day of July, 2010.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE