UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **SUFERNIA MONTGOMERY** | **CIVIL ACTION NO. 09-0584** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **SEARS, ROEBUCK & CO., ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

**RULING**

Pending before the Court are two motions: a Motion to Dismiss [Doc. No. 59], filed by Defendants Sears, Roebuck and Co. ("Sears") and Anthony Gewin ("Gewin"), and a Motion to Strike [Doc. No. 63], filed by Plaintiff Sufernia Montgomery ("Montgomery"). Montgomery filed an Opposition to Defendants' Motion to Dismiss on August 31, 2010. [Doc. No. 62]. Defendants filed a Reply on September 13, 2010. [Doc. No. 68]. Defendants filed an Opposition to Montgomery's Motion to Strike on September 20, 2010. [Doc. No. 69].

On October 14, 2010, Magistrate Judge Karen L. Hayes issued a Report and Recommendation recommending that Defendants' Motion to Dismiss be converted into a motion for summary judgment under Federal Rule of Procedure 56. [Doc. No. 70]. Judge Hayes further recommended that Defendants' motion, construed as a motion for summary judgment, be GRANTED. Judge Hayes also recommended that Montgomery's Motion to Strike be deemed MOOT. The parties filed no objections to the Report and Recommendation. The Court agrees with and ADOPTS the Report and Recommendation with two exceptions.

First, the Magistrate Judge found that the three negative evaluations Montgomery received as a result of her Performance Plan for Improvement ("PPI") program did not constitute adverse

employment action for purposes of retaliation. The Court agrees that, under the facts of this case, the written evaluations were not adverse employment actions. However, the Court finds that the Fifth Circuit precedent cited in the Report and Recommendation does not establish that unjustified reprimands or written warnings could **never** constitute adverse employment actions.

Second, the Magistrate Judge found that Montgomery's Motion to Strike was MOOT. While the Court agrees that the motion is moot, as summary judgment is proper even without consideration of the disputed exhibit, the Court DECLINES TO ADOPT the legal analysis in this section of the Report and Recommendation.

For the foregoing reasons, Defendants' Motion to Dismiss [Doc. No. 59], construed as a motion for summary judgment, is GRANTED. Montgomery's Motion to Strike [Doc. No. 63] is deemed MOOT.

MONROE, LOUISIANA, this 17th day of November, 2010.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE